MORGAN, LEWIS & BOCKIUS LLP
(Pennsylvania Limited Liability Partnership)
1701 Market Street
Philadelphia, PA  19103
215.963.5077/5510
Sarah E. Bouchard
Jonathan S. Krause
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHARON L. HOPSON,<br><br>**Plaintiff**,<br><br>v.<br><br>HORIZON HEALTHCARE SERVICES, INC., D/B/A HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>**Defendant**. | Civil Action No.  2:13-cv-00166 |

**DEFENDANT'S ANSWER AND SEPARATE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant Horizon Healthcare Services, Inc., d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon") hereby responds to Plaintiff Sharon L. Hopson's (Plaintiff") Complaint in accordance with the numbered paragraphs as follows:

1. Denied.

2. Denied.

    a. Denied.

    b. Denied.

3. Denied.

4. Defendant admits the first sentence of Paragraph 4 of the Complaint. Defendant denies the allegations set forth in the second sentence of Paragraph 4 of the Complaint, except to admit that Plaintiff was employed by Defendant from March 22, 2004 to May 12, 2011 and held the positions of Administrative Assistant, Physician Relations Representative I, and Network Specialist during that time. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits the first and second sentences of Paragraph 5 of the Complaint. The allegations set forth in the second sentence of Paragraph 5 of the Complaint are vague and ambiguous such that Defendant after reasonable effort cannot discern their meaning and, on that basis, denies said allegations.

6. Admitted, except as to state by further response that Plaintiff also was managed by another employee during her employment with Horizon.

7. Denied.

8. The allegations set forth in Paragraph 8 purport to characterize a written document, the contents of which speak for themselves.

9. Defendant admits that Plaintiff applied for a leadership program for minority employees run by AHIP, a third-party organization, and that Plaintiff was not selected for the program. Defendant further admits that Plaintiff communicated with Mansure regarding her application to the program. The allegations set forth in the third and fourth sentences of Paragraph 9 of the Complaint are vague and ambiguous such that Defendant after reasonable effort cannot discern their meaning and, on that basis, denies said allegations. Defendant denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits that Monique Hodge became Plaintiff's supervisor in the first half of 2009. Defendant admits the second sentence of Paragraph 10 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in the third sentence of Paragraph 10 of the Complaint and denies the allegations on that basis. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Denied.

12. Defendant admits that Mansure managed Plaintiff after Hodge was Plaintiff's supervisor. The second sentence of Paragraph 12 of the Complaint purports to characterize a document the contents of which speak for themselves. Defendant denies the remaining allegations in Paragraph 12 of the Complaint, except as to admit that Fontaine filed a civil action against Defendant.

13. Defendant admits that Plaintiff prepared a written response to her Mid-Year Performance Review dated August 19, 2010 in which she disagreed with parts of the Review. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits the first sentence of Paragraph 14 of the Complaint. Defendant denies the second sentence of Paragraph 14 of the Complaint.

15. Defendant admits the first sentence of Paragraph 15 of the Complaint. Defendant admits that, amongst other actions, Roos suggested to Plaintiff that she share her concerns regarding her Written Performance Warning with Mansure. Defendant denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits the first and second sentences of Paragraph 16 of the Complaint. The third sentence of Paragraph 16 of the Complaint purports to characterize a

document the contents of which speak for themselves.  Defendant denies the fourth and fifth sentences of Paragraph 16 of the Complaint.

      17.     Denied.

      18.     Defendant admits the first and second sentence of Paragraph 18 of the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in the third sentence of Paragraph 18 of the Complaint and, on that basis, denies the allegations.  Defendant denies the fourth sentence of Paragraph 18 of the Complaint.

      19.     Defendant admits the first sentence of Paragraph 19 of the Complaint.  Defendant denies the second and third sentences of Paragraph 19 of the Complaint, except as to admit that Plaintiff was required to travel to the Newark office for bi-weekly meetings.  Defendant admits that Nadrowski held POD meetings at Defendant's Newark location.

      20.     Defendant admits that Plaintiff raised general concerns regarding Nadrowski's management of her.  Defendant denies the remaining allegations set forth in Paragraph 20 of the Complaint.

      21.     Defendant lacks knowledge of information sufficient to form a belief as to what Plaintiff "learned" and on that basis denies the allegations set forth in the first sentence of Paragraph 21 of the Complaint.  Defendant denies the allegations set forth in the second sentence of Paragraph 21 of the Complaint, except as to admit that Plaintiff communicated with Roos regarding her compensation.  Defendant lacks knowledge or information to form a belief as to what Plaintiff "learned" and on that basis denies the allegations set forth in the third sentence of Paragraph 21 of the Complaint.  Defendant denies the fourth sentence of Paragraph 21 of the Complaint, except as to admit that Plaintiff and Mansure communicated regarding her compensation.

22. Denied, except as to admit that Defendant terminated Plaintiff's employment for performance-related deficiencies including her improper termination of a client-physician.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant incorporates its responses to Paragraphs 1-27 as if set forth fully herein.

29. Denied.

30. Denied.

31. Denied.

32. The Jury Demand asserted in Paragraph 32 of the Complaint is a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief set forth in the WHEREFORE clause in the Complaint, or any other relief.

## SEPARATE DEFENSES

1. Each and every action taken by Defendant with regard to Plaintiff was based on legitimate, non-discriminatory, non-retaliatory reasons.

2. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior and Plaintiff

unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

  3. Defendant, at all relevant times, made a good faith effort to comply with all applicable statutes and laws, and Plaintiff therefore cannot recover liquidated or punitive damages.

  4. Defendant has in place a strong policy against discrimination and retaliation, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities made available by Defendant to her.

  5. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

  6. Plaintiff's claims are barred, in whole or in part, by laches, estoppel, unclean hands, and other equitable defenses.

  7. To the extent that Plaintiff has mitigated or failed to mitigate her damages, Plaintiff's request for relief is barred.

  8. Defendant reserves the right to assert additional defenses that become known through the course of litigation.

WHEREFORE, Defendants demand judgment as follows:

    (a) Dismissing Plaintiff's Complaint in its entirety with prejudice;

    (b) Granting Defendant its costs, disbursements, and attorneys' fees incurred in this action; and

      (c)      Granting such other and further relief as the Court deems just and proper.

                           Respectfully submitted,

Date: January 24, 2013          s/ Jonathan S. Krause
                                  Sarah E. Bouchard
                                  Jonathan S. Krause
                                  MORGAN, LEWIS & BOCKIUS LLP
                                  1701 Market Street
                                  Philadelphia, PA 19104
                                  *Attorneys for Defendant*
                                  *Horizon Blue Cross Blue Shield of New Jersey*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2013, I caused a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be served by ECF and U.S. Mail delivery upon the following:

>Robert T. Vance, Esquire
>Law Offices of Robert T. Vance Jr.
>Suite 1530 Land Title Building
>100 South Broad Street
>Philadelphia, PA  19110
>
>*Attorneys for Plaintiff*
>*Sharon L. Hopson*

        /s/ *Jonathan S. Krause*
        Jonathan S. Krause